**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

In Re: McGee's Landing Inc. — Civil Action 11-0937

Judge Tucker L. Melançon

Magistrate Judge C. Michael Hill

**MEMORANDUM RULING**

Before the Court is a Motion For Summary Judgment, Or In The Alternative, Motion To Dismiss, filed by claimant Terrence Colegate ("Colgate") [Rec. Doc. 5], a memorandum in opposition filed by McGee's Landing, Inc. and Cleve Bergeron ("McGee's") [Rec. Doc. 9] and Colegate's reply thereto [Rec. Doc. 12]. For the following reasons, the motion will be granted.

*I. Background*

This litigation arose as a result of a collision between a vessel operated by Colegate and the CAPTAIN TEE, a swamp tour vessel owned by McGee's Landing, Inc. on July 24, 2010. At the time of the collision, the CAPTAIN TEE was being piloted by Cleve Bergeron. Immediately after the incident Colegate spoke with David Allemond, the owner of McGee's Landing, and told him about the incident.[1] *R. 9-2, Aff. of Allemond.* Five days later, on July 29, 2010, Allemond received a letter from counsel for Colegate ("Letter"). *R. 5-4, 07/29/10 letter*. Colegate's counsel indicated that he had been retained to represent Colegate "in a

---

[1] Plaintiff's represent and McGee's does not dispute, that Allemond's presence immediately following the collision was because the collision occurred "literally a stone's throw from McGee's Landing." *R. 5, p. 7, fn 3.*

claim for personal injuries and property damage arising out of a collision involving your tour boat on July 24, 2010" from which plaintiff "sustained serious injuries" and "property damage." The Letter concluded by offering McGee's and Allemond an opportunity to send their investigators to inspect Colegate's vessel before repairs were made. *Id.*

On September 15, 2010, counsel for McGee's provided counsel for Colegate with copies of photographs of Colegate's boat taken by their investigator and stated that they received a copy of an August 10, 2010 estimate for Colegate's boat repair which counsel for McGee's disputed. *R. 5-5.* In addition, McGee's attorney requested medical records related to Colegate's alleged injuries. *Id.*

On December 3, 2010, Colegate filed an action for personal injury and property damage in this Court naming McGee's Landing, Inc. and Cleve Bergeron as defendants, 6:10-CV-01795. Bergeron was served with the Complaint on January 18, 2011 and McGee's was served on January 24, 2011. *R. 3; 5.* Defendants filed its Answer on April 15, 2011, *R. 6*, and on July 14, 2011, defendants amended their Answer to plead a limitation defense to Colegate's action. *R. 17.*

On June 22, 2011, McGee's filed this action for exoneration from or limitation of liability pursuant to 46 U.S.C. section 35011, Rule 9(h) and Supplemental Rule F of the Federal Rules of Civil Procedure based on the July 24, 2010 collision between the CAPTAIN TEE and Colegate's vessel. Colegate filed the motion for summary judgment before the Court on July 21, 2011.

*II. Summary Judgment Standard*

A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir.1994)(en banc). Initially, the party moving for summary judgment must demonstrate the absence of any genuine issues of material fact. When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Id.* If the moving party fails to carry this burden, his motion must be denied. If he succeeds, however, the burden shifts to the non-moving party to show that there is a genuine issue for trial.[2] *Id.* at 322-23. Once the burden shifts to the respondent, he must direct the attention of the court to evidence in the record and set forth specific facts sufficient to establish that there is a genuine issue of material fact requiring a trial. *Celotex Corp.,* 477 U.S. at 324;

[2] Where the nonmoving party has the burden of proof at trial, the moving party does not have to produce evidence which would negate the existence of material facts. It meets its burden by simply pointing out the absence of evidence supporting the non-moving party's case. *Celotex Corp.,* 477 U.S. at 325. To oppose the summary judgment motion successfully, the non-moving party must then be able to establish elements essential to its case on which it will bear the burden of proof at trial. A complete failure of proof by the non-moving party of these essential elements renders all other facts immaterial. *Id.*

Fed.R.Civ.Pro. 56(e). The responding party may not rest on mere allegations or denials of the adverse party's pleadings as a means of establishing a genuine issue worthy of trial, but must demonstrate by affidavit or other admissible evidence that there are genuine issues of material fact or law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144. 159 (1970); *Little*, 37 F.3d at 1075. There must be sufficient evidence favoring the non-moving party to support a verdict for that party. *Anderson,* 477 U.S. at 249; *Wood v. Houston Belt & Terminal Ry.,* 958 F.2d 95, 97 (5th Cir.1992). There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## *III. Analysis*

Colegate moves to dismiss this action on the ground that McGee's limitation of liability complaint was filed in an untimely manner. McGee's argues that genuine issues of material fact exist as to whether the July 29, 2010 Notice Letter constituted notice of a claim subject to limitation.

The Limitation of Liability Act, 46 U.S.C. §§ 30501-30512, "allows a vessel owner to limit liability for damage or injury, occasioned without the owner's privity or knowledge, to the value of the vessel or the owner's interest in the vessel." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 439 (2001). Section 30511(a) sets forth the requirements of a vessel owner seeking to bring a limitation of liability action in a district court:

> The owner of a vessel may bring a civil action in a district court of the United States for limitation of liability under this chapter. The action **must be brought within 6 months** after a claimant gives the owner **written notice** of a claim.

(emphasis added). Federal Rule of Civil Procedure, Rule F reinforces the temporal requirement for bringing the suit,

> (1) **Time for Filing Complaint; Security**
> **Not later than six months after receipt of a claim in writing**, any vessel owner may file a complaint in the appropriate district court....

(emphasis added). *See also Karim v. Finch Shipping Co., Ltd.*, 265 F.3d 258, 263-64 (5th Cir.2001) ("an action filed by a shipowner seeking to limit its liability must be brought within six months after a claimant gives the owner written notice of a claim."). If a petition is not filed within the six month period, the Court must dismiss it as untimely. *Exxon Shipping Co. v. Cailleteau*, 869 F.2d 843, 846 (5th Cir.1989). The purpose of the six-month prescription period is to require the shipowner to act promptly to gain the benefit of the statutory right to limit liability, *Id.*, and prevent waiting to file the limitation of liability petition until the later stages of pending litigation, *Complaint of N.Y.T.R. Transp. Corp., Scow Marcy*, 105 F.R.D. 144, 146 (E.D.N.Y.1985).

"The Fifth Circuit has not addressed precisely what constitutes 'written notice of claim.' Other courts have determined that a letter written to a vessel owner can suffice. *Complaint of Okeanos Ocean Research Foundation, Inc.*, 704 F.Supp. 412, 414 (S.D.N.Y.1989). Such a letter must inform the ship owner both of the details of the incident and that the owner appears to be responsible for the damage in question. *Matter of Oceanic*

*Fleet, Inc*., 807 F.Supp. 1261, 1262 (E.D.La.1992). The notice must also inform the owner of the claimant's intention to seek damages from the owner. *Rodriguez Moreira v. Lemay*, 659 F.Supp. 89, 90–91 (S.D.Fla.1987); *Matter of Loyd W. Richardson Construction Co.*, 850 F.Supp. 555, 557 (S.D.Tex.1993). Finally, the written notice must reveal a 'reasonable possibility' that the claim made is one subject to limitation. *Complaint of Tom–Mac, Inc*., 76 F.3d 678, 683 (5th Cir.1996)[3]." *In re Specialty Marine Services, Inc*., 1999 WL 147680, 1 (E.D.La. 1999) (J. Vance); *see also, In re Lewis*, 190 F.Supp.2d 885, 888 (M.D.La. 2002) (J. Polozola). "If there is any doubt as to the total amount of the claim or as to whether it will exceed the value of the vessel, the owner will not be excused from the six month limit, since he can file a limitation when the amount of the claim is uncertain." *In Matter of Dufrene Boats, Inc*., 1996 WL 396046, 1 (E.D.La. 1996) (J. Carr).

Colegate asserts that McGee's June 22, 2011 action for Limitation of Liability is untimely based on the July 29, 2010 Letter from his attorney coupled with Allemond's presence at the site immediately following the collision. Colegate further asserts that the

---

[3] "Courts have developed two similar tests to determine whether a writing contains all the information needed to constitute a 'written notice of claim' under § [30511(a) ]. Under one test, notice is sufficient if 'it informs the vessel owner of an actual or potential claim ... which may exceed the value of the vessel ... and is subject to limitation.' Under this test, the notice must 'reveal a 'reasonable possibility' that the claim made is one subject to limitation.' The second test requires that the writing: '(1) demand a right or supposed right; (2) blame the vessel owner for any damage or loss; and (3) call upon the vessel owner for anything due to the claimant.' Courts in this Circuit uniformly follow the former approach which has been sanctioned by the United States Court of Appeals for the Fifth Circuit." *In re Environmental Safety & Health Consulting Services, Inc*., 2011 WL 2142813, 1(E.D.La. 2011) (citing *Complaint of Tom–Mac, Inc*., 76 F.3d 678, 683 (5th Cir.1996).

September 15, 2010 letter demonstrates McGee's knowledge that Colegate had a claim seeking compensation for property damage and bodily injury from the incident. McGee's argues that Colegate's Letter is not sufficient notice of a claim under § 30511(a). The parties do not dispute that more than six months passed between the Letter to McGee's from Colegate's counsel and the filing of McGee's Complaint. Thus, the issue before the Court is whether McGee's had "notice of a claim" sufficient to begin the running of the six month period under 46 U.S.C. § 30511(a).

The July 29, 2010 letter from Colegate's attorney stated in pertinent part:

Dear Sir:

> I have been retained to represent Mr. Terry Colegate in a claim for personal injuries and property damage arising out of a collision involving your tour boat on July 24, 2010. Mr. Colegate sustained serious injuries for which he is receiving medical attention. His boat sustained property damage which will have to be repaired.
>
> This letter is to give you notice of our representation and to offer an opportunity before repairs are performed for your insurance company to inspect Mr. Colegate's boat. Feel free to contact the undersigned or request that you insurance company do so should you wish to take advantage of this opportunity to inspect the boat before repairs are made.

*R. 5, Exh. 2.*

McGee's initially argues that the Letter was not adequate to lead Allemond to believe that Colegate's claims were subject to the Limitation of Liability Act because he did not personally believe that Colegate was injured at the time of the accident and did not agree with the estimated damage to Colegate's boat. In *In re Lewis*, 190 F. Supp. 2d 885, 888-89

(M.D. La. 2002) (J. Polozola), the district court rejected the argument that a petitioner's subjective belief about the merits of the claim had any bearing on whether sufficient notice was provided by the claimant. In *Lewis*, the petitioner was provided a letter from the claimant's lawyer following a boating accident. The letter notified the owner of the accident in general terms and referenced the claimant's serious injuries, stating, in pertinent part:

> We intend to seek damages for this *from you and/or the insurance company* insuring your boat, if there is one. Finally, we believe that this is a serious claim with a large judgment potential.

*Id.* (emphasis in original). Just as Allemond contends in this case, the vessel owner in *In re Lewis* believed that the circumstances surrounding the accident and the injuries suffered by the claimant as well as the letter setting forth same were inadequate to lead him to believe that the claims were subject to the Limitation of Liability Act. *Id.* at 88. The court did not find the vessel owner's contention persuasive:

> **Petitioner's subjective belief of the validity of the claim against him is simply not part of the written notice test. Personal injury claims are subject to limitation. Mr. Lewis did not have to believe that the claim against him was valid. He only needed to be informed that there was a claim for damages regarding which he may be sued.** The July 6, 1998 letter fully complies with the requirements set forth in the jurisprudence. Thus, the six-month period to file a limitation of liability claim began to run on July 13, 1998. There is no dispute that the suit was not filed until well after the six-month period had run.

*Id.* at 88 (emphasis added). Allemond's subjective belief as to the extent of Colegate's injuries and damages, or lack thereof, have no bearing on whether notice was sufficient for purposes of the Limitation of Liability Act.

McGee's also cites several district court cases to support its contentions that the Letter constitutes insufficient notice because it "does not provide the description of the incident,

does not identify the McGee's Landing, Inc. vessel, does not state McGee's Landing, Inc. is at fault for the incident, nor does it identify the damages sustained or the extent of the medical attention received." *R. 9, p. 10.* The cases cited by McGee's are distinguishable from this case. In light of the undisputed facts, not the least of which are the facts of the collision itself, the Court finds that McGee's was provided sufficient notice of Colgate's claims for purposes of the Limitation of Liability Act over six months prior to filing its limitation action.

Here, Allemond, the owner of McGee's, was on the scene of the collision within minutes after it occurred and spoke with Colegate about the details of the accident. *R. 5, Exh. 1*. Thereafter, the July 29, 2010 letter informed McGee's that Colegate's attorney had been retained "in a claim for personal injuries and property damage arising out of a collision involving your tour boat on July 24, 2010." *Id., Exh. 2.* It further indicated that "Colegate sustained serious injuries for which he is receiving medical attention" and his "boat sustained property damage." *Id.* After receiving the July 29, 2010 letter from Colegate's attorney, McGee's performed an investigation of the collision and took photographs of Colegate's vessel. McGee's attorney responded to Colegate's letter on September 15, 2010 by disputing the estimated damages to the vessel and requesting medical records related to the incident. *R. 5, Exh. 3*.

A letter may constitute sufficient notice of a claim even if it is couched in tentative terms, referring only to the 'possibility' of legal action." *Matter of Lloyd W. Richardson*

*Const. Co.*, 850 F.Supp. 555 (S.D. Tx. 1993) (citations omitted). A letter of this nature should be "read in its entirety," to determine if it constitutes a notice of claim sufficient to trigger § 30511(a)'s time period. *Id.* The Court finds that the July 29, 2010 letter indicating Colegate's claim for serious injuries he suffered in the July 24, 2010 accident, coupled with Allemond's personal knowledge of the incident, his knowledge of the value of the vessel, and the September 15, 2010 letter from McGee's attorney, establishes that McGee's was informed of, "1) The facts of the incident; 2) The claimant's belief that the vessel owner is to blame for the damage; and 3) The claimant's intention to seek damages from the vessel owner," *R. 9, citing In re: Lewis*, 190 F. Supp. 2d at 888, as well as a "reasonable possibility"' that the claim was subject to limitation, *In re: Lewis* at 888, more than six months prior to the filing of McGee's limitation action on June 22, 2011. Accordingly, this action must be dismissed as untimely.

*IV. Conclusion*

Because there are no issues of material fact and Colegate is entitled to summary judgment as a matter of fact and law, Colegate's motion for summary judgment will be granted and McGee's action for exoneration from or limitation of liability will be dismissed.